**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BOUKARY DIARRA, individually and on behalf of all others similarly situated, <br><br> v. <br><br> WAVES AMERICAS CORPORATE SYSTEMS, LLC | **Case No. 4:24-cv-01119** <br> FLSA Collective Action <br><br><br> Jury Trial Demanded |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Boukary Diarra brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2. Diarra regularly worked for Waves Americas in excess of 40 hours in a week.

3. But Waves Americas Corporate Systems, LLC ("Waves Americas") failed to pay Diarra and other hourly workers like him overtime as required by federal law.

4. Instead, Waves Americas paid Diarra and workers like him at their same hourly rate for all hours worked and improperly classified them as independent contractors.

5. This collective action seeks to recover the unpaid wages and other damages owed to Diarra and other hourly workers at Waves Americas.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Waves Americas' principal place of business is in this District.

## PARTIES

8. **Plaintiff Boukary Diarra** is a natural person.

9. Diarra has been, at all relevant times, an employee of Waves Americas.

10. Diarra was and is an hourly-paid employee of Waves Americas.

11. Diarra has worked for Waves Americas since May 2022.

12. Diarra seeks to represent a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former persons employed by, or working on behalf of, Waves Americas Corporate Systems, LLC who were paid "straight time for overtime" at any point from three years prior to the date this Complaint is filed until judgment is entered.**

13. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

14. **Defendant Waves Americas Corporate Systems, LLC ("Waves Americas")** is a domestic limited liability company.

15. Waves Americas may be served by service upon its registered agent, **Oscar Onyekwum, 2927 Pease St., Houston, TX 77003**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

16. At all relevant times, Waves Americas was an employer of Diarra within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, Waves Americas was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all relevant times, Waves Americas has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. During at least the last three years, Waves Americas has had gross annual sales in excess of $500,000.

20. During at least the last three years, Waves Americas was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. During at least the last three years, Waves Americas has employed many workers, including Diarra and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

22. Waves Americas employs many workers, including Diarra and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

23. The goods and materials handled, sold, or otherwise worked on by Diarra and other Waves Americas employees and that have been moved in interstate commerce include, but are not limited to, automobiles, cleaning equipment and supplies, telephones, and computers.

24. Waves Americas treated Diarra as an employee and uniformly dictated the pay practices to which Diarra was subjected.

25. Waves Americas' misclassification of Diarra as an independent contractor does not alter his status as an employee for purposes of this FLSA action.

## FACTS

26. Waves Americas provides valet, car detailing, concierge, and cleaning services. Waves Americas, http://www.wavesamericas.com/index.html (last accessed Mar. 26, 2024, 2024).

27. To provide these services, Waves Americas needs workers performing each service.

28. For example, without valets, Waves Americas could not valet services.

29. Without car detailers, Waves Americas could not provide car detailing services.

30. Without janitors, Waves Americas could not provide janitorial services.

31. Without housekeepers, Waves Americas could not provide housekeeping services.

32. Without concierges, Waves Americas could not provide concierge services.

33. While exact job titles and job duties may slightly differ, Diarra and the Similarly Situated Workers were subjected to the same or similar illegal pay practices for similar work.

34. Some of Waves Americas' workers are employed by Apex.

35. Waves Americas' employed persons to perform the same work as its independent contractor workers in the same positions.

36. Many of the individuals who worked for Apex performing the same or substantially similar job duties as Diarra were classified as employees.

37. Many of the individuals who worked for Apex performing the same or substantially similar job duties as Diarra were misclassified by Apex as so-called independent contractors.

38. Regardless of whether they were classified as employees or independent contractors, Waves Americas paid Diarra and the Similarly Situated Workers the same hourly rate for all hours worked, including those over 40 in a workweek.

39. Throughout his employment with Waves Americas, Diarra was classified as an independent contractor.

40. The work Diarra performed is an essential part of Waves Americas' core business.

41. During Diarra's employment with Waves Americas and while he was classified as an independent contractor, Waves Americas exercised control over all aspects of his job.

42. Diarra was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in his same job position) to perform his job duties.

43. During the time that Diarra worked with Waves Americas, he worked exclusively for Waves Americas.

44. Waves Americas controlled all the significant or meaningful aspects of the job duties performed by Diarra.

45. Waves Americas ordered the hours and locations Diarra worked, tools used, and rate of pay received.

46. Even though Diarra often worked away from Waves Americas' offices without the presence of a direct Waves Americas supervisor, Waves Americas still controlled all aspects of Diarra's job activities by enforcing mandatory compliance with Waves Americas' policies and procedures.

47. No real investment was required of Diarra to perform his job.

48. Waves Americas determined Diarra's opportunity for profit and loss.

49. Diarra did not provide the equipment he worked with on a daily basis. Waves Americas made the large capital investments in buildings, machines, equipment, tools, and supplies in the business in which Diarra works.

50. Diarra did not incur operating expenses like rent, payroll, marketing, and insurance.

51. Diarra was economically dependent on Waves Americas during his employment.

52. Waves Americas set Diarra's rate of pay and his work schedule.

53. Waves Americas directly determined Diarra's opportunity for profit and loss, as Diarra's earning opportunity was based on the amount of time Waves Americas scheduled him to work.

54. For the purposes of an unpaid overtime claim, very little skill, training, or initiative was required of Diarra to perform his job duties.

55. Indeed, the daily and weekly activities of Diarra and the Similarly Situated Workers were routine and largely governed by standardized plans, procedures, and checklists created by Waves Americas.

56. Virtually every job function of the Similarly Situated Workers was pre-determined by Waves Americas and/or its clients, including the equipment to use at a job site, the schedule of work, and related work duties.

57. Diarra and the Similarly Situated Workers were prohibited from varying their job duties outside pre-determined parameters.

58. Moreover, the job functions of Diarra and the Similarly Situated Workers were primarily manual labor/technical in nature that did not require a college education or other advanced degree.

59. Diarra performed routine manual and technical labor duties that were largely dictated by Waves Americas and/or its clients.

60. Diarra was not employed by Waves Americas on a project-by-project basis.

61. Diarra was not paid by Waves Americas on a project-by-project basis.

62. All the Similarly Situated Workers were subjected to the same or similar policies and procedures by which Waves Americas dictated the day-to-day activities performed by each person. The Similarly Situated Workers also worked similar hours as Diarra and were denied overtime pay as a result of the same illegal pay practice.

63. Diarra has been an hourly employee of Waves Americas.

64. Waves Americas never paid Diarra a salary.

65. Waves Americas never paid Diarra on a fee basis.

66. Waves Americas paid Diarra by the hour.

67. Diarra reported the hours he worked to Waves Americas on a regular basis.

68. Diarra's hours are reflected in Waves Americas' records.

69. Waves Americas paid Diarra at the same hourly rate for all hours worked in a workweek.

70. Waves Americas did not pay Diarra an overtime premium for all hours worked in excess of 40 in a workweek.

71. Instead, Waves Americas paid Diarra "straight time"—that is, his regular hourly rate—for all overtime hours he worked.

72. Diarra normally worked more than 40 hours in a week.

73. For example, during the week of April 3, 2023, Diarra worked a total of 68 hours for Waves Americas.

74. For all 68, Waves Americas paid Diarra at the same hourly rate for all 68 hours, including the overtime hours he worked.

75. Thus, rather than receiving time-and-a-half as required by the FLSA for all hours over 40 in a workweek, Diarra only received "straight-time" pay for his overtime hours worked.

76. This "straight-time-for-overtime" payment scheme violates the FLSA.

77. Waves Americas was aware of the overtime requirements of the FLSA.

78. Waves Americas nonetheless failed to pay certain hourly employees, such as Diarra, overtime for all hours worked over 40 in a workweek.

79. Waves Americas' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

80. Waves Americas' illegal "straight time for overtime" policy extends well beyond Diarra.

81. It is the "straight time for overtime" payment plan that is the "common policy or plan that violate[s] the law." (McDonald v. Ricardo's on the Beach, Inc., No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [internal quotations omitted].); *see also*, *e.g.*, *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006) (certifying "straight time for overtime" claim for

collective treatment); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (same).

82. Waves Americas has paid many hourly workers according to the same unlawful scheme.

83. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

84. The workers impacted by Waves Americas' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION–VIOLATIONS OF THE FLSA

85. Diarra incorporates all other allegations.

86. By failing to pay Diarra and the FLSA Collective members overtime at 1.5 times their regular rates, Waves Americas violated the FLSA. 29 U.S.C. § 207(a).

87. Waves Americas owes Diarra and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

88. Waves Americas owes Diarra and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

89. Waves Americas knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Diarra and the FLSA Collective members.

90. Because Waves Americas knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Waves Americas owes these wages for at least the past three years.

91. Waves Americas' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

92. Because Waves Americas' decision not to pay overtime was not made in good faith, Waves Americas also owes Diarra and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

93. Diarra and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### RELIEF SOUGHT

Diarra prays for judgment against Waves Americas as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding Waves Americas liable for violations of federal wage laws with respect to Diarra and the FLSA Collective members;

    c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Diarra and the FLSA Collective members;

    d. For a judgment awarding attorneys' fees to Diarra and the FLSA Collective members;

    e. For a judgment awarding costs of this action to Diarra the FLSA Collective members;

    f. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Diarra and the FLSA Collective members; and

b. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
S.D. Tex. Bar # 1076547
**PARMET PC**
2 Greenway, Ste. 250
Houston, TX 77046
phone 713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____

**Matthew S. Parmet**